IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFERY ANDERSON | ) | |
| | ) | |
| v. | ) | NO. 3:16-1429 |
| | ) | |
| FATTOUSH CAFÉ | ) | |

To: Honorable Denise Hood, Chief District Judge

# REPORT AND RECOMMENDATION

By Orders entered June 30, 2016 (Docket Entry No. 4), and March 30, 2017 (Docket Entry No. 44), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that this action be dismissed with prejudice because of Plaintiff's failure to prosecute the action.

## I. BACKGROUND

Jeffrey Anderson ("Plaintiff") filed this lawsuit on June 16, 2016, seeking injunctive relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, against two defendants. When the lawsuit was filed, Plaintiff was represented by counsel, who subsequently appeared at an initial case management conference held on September 26, 2016, and filed an amended complaint. *See* Docket Entry No. 21. However, counsel for Plaintiff moved to withdraw from the case on January 19, 2017, citing irreconcilable differences with Plaintiff over issues arising out of the management and direction of the litigation. *See* Docket Entry No. 37. By Order entered on

January 26, 2017, Chief Judge Sharp permitted counsel to withdraw and granted Plaintiff a thirty (30) day period within which to retain substitute counsel or to notify the Court of his intention to proceed *pro se*. *See* Docket Entry No. 38. Separately, the undersigned Magistrate Judge set a case management conference on March 8, 2017, directed Plaintiff to appear at the conference through counsel or *pro se*, and directed the parties to both confer about resolution of the case and to file an updated proposed case management order. *See* Order entered January 30, 2017 (Docket Entry No. 40). In that Order Plaintiff was specifically advised that failure to comply with the Court's instructions could result in the imposition of sanctions. *Id*.

Plaintiff failed to comply with the directive of the Court to either find substitute counsel or notify the Court of his intention to proceed *pro se*. Plaintiff also failed to appear at the March 8, 2017, case management conference or otherwise contact the Court about the conference. At the case management conference, counsel for Defendant Fattoush Café indicated that it would be filing a motion to dismiss the action, and the Court provided Plaintiff with a 21 day period from the date of service of any motion to dismiss to file a response. *See* Order entered March 9, 2017 (Docket Entry No. 42). Plaintiff was specifically notified that his failure to timely respond would indicate that there is no opposition to the motion and the case would be dismissed. *Id*. On March 15, 2017, Defendant Fattoush Café filed a motion to dismiss the action under Rule 41 of the Federal Rules of Civil Procedure. *See* Docket Entry No. 43. To-date, Plaintiff has not responded to the motion.[1]

---

[1] Defendant also indicates in its filings that Plaintiff additionally failed to respond to defense counsel's attempts to prepare a joint proposed case management order and to make good faith effort at case resolution, as required in the Court's January 30 Order. *See* Docket Entry No. 43 at 3. Defendant's counsel provided this same information at the March 8 case management conference.

## II. ANALYSIS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure further permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiff's failure to comply with the specific directive from the Court to file a notice regarding the status of his representation, his failure to appear at the March 8 case management conference, his failure to respond to the pending motion to dismiss, and his general failure to actively litigate the lawsuit once his former counsel withdrew from the action. Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and his failure to respond to a pending motion seeking dismissal of the action. Plaintiff was specifically warned on several occasions about the consequences of his failure to comply with the directives of the Court and his failure to act. Neither the Court nor Defendants should be required to expend any further resources in the action given Plaintiff's failure to prosecute, and a sanction lesser than dismissal is not warranted.

## RECOMMENDATION

Accordingly, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to dismiss of Defendant Fattoush Café (Docket Entry No. 43) be GRANTED, and that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.[2]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The 14 day period for filing objections to this Report and Recommendation will give Plaintiff yet another opportunity to indicate his interest in prosecuting this case.